# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

BRYON L. BROWN,             :
                            :
        Plaintiff,           :
                            :
    v.                       :    Civ. No. 14-708-LPS
                            :
CORRECTION OFFICER BAXTER,  :
et al.,                      :
                            :
        Defendants.          :

Bryon L. Brown, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

# **MEMORANDUM OPINION**

December 9 , 2014
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Bryon L. Brown ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff is incarcerated at the Howard R. Young Correctional Institution in Wilmington, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

On June 9, 2013, Plaintiff slipped and fell in an area where there was water on the floor. Plaintiff overheard Defendant C/O Baxter ("Baxter") being reprimanded by Sergeant Shinn ("Shinn") because Baxter failed to remove the water from the floor after a sink had overflowed. Plaintiff was taken to the prison medical office run by Defendant Correct Care Solutions ("CCS") for an examination. He was treated with pain medication and scheduled for a follow-up. He filed a request for medical treatment on June 12, 2013 to discuss that his medication was not working. On June 3, 2013, Plaintiff presented to CCS and was refused treatment by Defendant Nurse Rebecca ("Rebecca"). As of June 25, 2013, Plaintiff had yet to be seen by CCS. Plaintiff received follow-up care on June 27, 2013 and was prescribed pain medication. He was scheduled for an x-ray of the neck and lower back. Plaintiff had not been seen as of July 2, 2013. The Complaint is dated July 2, 2013, but it was not filed until June 4, 2014. In addition, the Complaint is not signed. Plaintiff seeks injunctive relief and compensatory damages.

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.    DISCUSSION

### A.    Eleventh Amendment

Plaintiff has sued the Delaware Department of Correction ("DOC"). The DOC is immune from suit by reason of the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects a nonconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman,*

465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan 11, 2007). In addition, dismissal is appropriate because the DOC is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. Aug. 1, 2008). Finally, there are no allegations directed towards the DOC. Accordingly, the DOC will be dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), as the claims against it are frivolous.

### B. Personal Involvement/Respondeat Superior

With regard to Warden Philip Morgan ("Morgan"), it is evident that he is named as a defendant based upon his supervisory position. Claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Iqbal*, 556 U.S. at 676-77; *see also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. May 8, 2009) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."). The complaint does not allege any direct or personal involvement by Warden Morgan. Therefore, he will dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), as the claims against him are frivolous.

### C. Negligence

Plaintiff slipped and fell in the water. The Complaint alleges that Baxter was admonished for failing to clean up water after a sink overflowed. Plaintiff overhead Baxter say that he left the area to get the person who made the mess (apparently to clean it up).

Prison officials must provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. *See Farmer v. Brennan*, 511 U.S. 825, 832

4

(1994). A prison official violates the Eighth Amendment when the prison official is deliberately indifferent to inmate health or safety and when this act or omission results in the denial of "the minimal civilized measure of life's necessities." *Id.* at 834. Therefore, a prison official can be held liable under the Eighth Amendment for denying humane conditions of confinement if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *See id.* at 847. Claims of negligence, without a more culpable state of mind, do not constitute "deliberate indifference." *See Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 193 n.2 (3d Cir. 2001). Although a wet floor may pose a substantial risk, Plaintiff's allegations do not reflect the deliberate indifference required to impose liability under the Eighth Amendment. *See e.g., Bacon v. Carroll*, 232 F. App'x 158 (3d Cir. Apr. 30, 2007).

The claim against Baxter will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### D. Medical

Plaintiff alleges that he was taken to medical on the day that he was injured, June 9, 2013, and received treatment. When he presented to medical on June 13, 2013, he was refused treatment by Rebecca. He was next seen on June 27, 2013, received treatment, and was scheduled for an x-ray. As of July 2, 2013, he had not been x-rayed.

In order to set forth a cognizable Eighth Amendment claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *See Estelle*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *See Farmer*, 511 U.S. at 837. A prison official

5

may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

As currently pled, the Complaint fails to state a claim for deliberate indifference to a serious medical need. Therefore, the claims against CCS and Rebecca will dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate a claim against the defendants, or name alternative defendants, he will be given an opportunity to amend the medical needs claims. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (stating leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## V. **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and § 1915A(b)(1). Plaintiff will be given leave to amend his Complaint only as to the medical needs claims.

An appropriate Order follows.